**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JENNIFER SYLVESTER,

    Plaintiff,

vs.

CRS BUILDING CORPORATION, a
Florida Profit Corporation, and CRAIG
SAS, individually,

    Defendants.

_____/

CASE NO. 8:18-cv-1215-JSM-AAS

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**
**AGREEMENT AND ENTRY OF AN ORDER OF DISMISSAL**

    Plaintiff Jennifer Sylvester ("Plaintiff") and Defendants CRS Building Corporation ("CRS") and Craig Sas ("Sas") (collectively, "Defendants") jointly move the Court for approval of the settlement agreement entered into in this action (the "Agreement") and entry of an order of dismissal. Plaintiff and Defendants (collectively, the "Parties") have agreed that the terms reflected in the Agreement are mutually satisfactory and represent a fair and reasonable compromise of the claims asserted. The Court's approval and entry of an order of dismissal will consummate the Agreement between the Parties. The grounds for this joint motion are set forth in the following memorandum of law.

**MEMORANDUM OF LAW**

**A.    BACKGROUND**

    On May 21, 2018, Plaintiff filed this action against Defendants in which she alleged that Defendants violated the Fair Labor Standards Act (the "FLSA"), claiming that during the time periods she worked for CRS as a Project Coordinator and as a Project Manager she was

misclassified and worked overtime hours without receiving overtime compensation. (DE #1). Specifically, Plaintiff contends that she is owed approximately $18,400 in unpaid overtime wages and liquidated damages: approximately $5,650 for the time period she worked for CRS as a Project Coordinator and $12,750 for the time she worked for CRS as a Project Manager. (DE #8). Plaintiff also claims she is entitled to recover her attorneys' fees and costs incurred in this litigation. (DE #1).

Defendants vehemently deny any and all liability in this action, and further contend that there are defenses applicable to Plaintiff, which would bar her claims. Defendants maintain that CRS properly classified Plaintiff as exempt from the minimum wage and overtime provisions of the FLSA under the administrative exemption contained in 29 U.S.C. § 213(a)(1) and 29 C.F.R. Part 541. (DE #5).

CRS employed Plaintiff as a construction "Project Manager" and "Project Coordinator" during the relevant time period. The exempt nature of these positions is supported by two recently re-issued United States Department of Labor Wage and Hour Division Opinion Letters and relevant case law. *See* WH Admin. Op., FLSA2018-4 (Jan. 5, 2018) (opining that construction "project superintendents" met the requirements of the administrative exemption); WH Admin. Op., FLSA2018-10 (Jan. 5, 2018) (finding project supervisors of residential homebuilders to be exempt under the administrative exemption); *Self v. Meritage Homes Corp.*, 2014 WL 2171468, at **2-7 (S.D. Tex. May 23, 2014) (holding that the "construction managers" at issue fell within the administrative exemption).

Finally, Defendants dispute the number of overtime hours Plaintiff claims she worked. Plaintiff contends she worked 45-50 hours per week during her employment with

CRS. Defendants, however, contend that Plaintiff never worked overtime hours during her employment in any event.

The Parties engaged in early settlement negotiations after the filing of the Complaint, and reached terms of settlement that, if approved by the Court, would completely resolve all the claims by Plaintiff in this action. The Parties now file this joint motion requesting the Court to approve the Agreement entered into by the Parties in this action and to dismiss this action with prejudice.

**B.    LEGAL PRINCIPLES**

Judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*,

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53; *see also Nall v. Mal-Motels, Inc.,* 723 F.3d 1304, 1306-07 (11th Cir. 2013)

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores,* 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging

- 3 -
PD.24734594.1

settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of Plaintiffs' success on the merits;

(5) the range of possible recovery; and

(6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat'l Ass'n,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, *2 (M.D. Fla. Jan. 8, 2007) (adopting *Leverso* factors in reviewing an FLSA settlement). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair," and remain aware "that a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *Hamilton*, 2007 WL 328792, at *2 (internal citations omitted).

C. **LEGAL ANALYSIS**

As discussed above, Defendants deny that they are liable to Plaintiff for any compensation. Plaintiff acknowledges that the settlement amounts represent a fair and reasonable compromise of her claims. Accordingly, the settlement is fair.

Courts have found no fraud or collusion where both parties were represented by counsel, the amount allocated to the plaintiff was reasonable, and the parties stipulated that the settlement is fair and reasonable. *See Helms v. Cent. Fla. Reg. Hosp.,* No. 6:05-cv-383-

Orl-22JGG, 2006 WL 3858491, at *4-5 (M.D. Fla. Dec. 26, 2006) (applying *Leverso* factors in FLSA settlement).  The undersigned counsel represent to the Court that there was no fraud or collusion.

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement.  The Parties continue to disagree over the merits of the claims asserted by Plaintiff.  Defendants maintain that CRS properly classified Plaintiff as exempt from the overtime provisions of the FLSA during her employment with CRS as a Project Coordinator and later as a Project Manager.  Defendants also refute Plaintiff's contention that she even worked overtime hours.

Plaintiff, while challenging Defendants' defenses, recognizes there exists a higher likelihood that the Court would determine that Plaintiff was properly classified as exempt in her role as a Project Manager.  Therefore, for settlement purposes, Plaintiff has focused on her claimed damages for the time period when she worked as a Project Coordinator for CRS. The Parties both agree the settlement is well within in the "range of a possible recovery" with a particular adjustment for consideration of a strong exemption defense (particularly as to the Project Manager position time period).

If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses.  This settlement, therefore, is a reasonable means for the Parties to minimize future risks and litigation costs.

Further, there has been sufficient investigation and exchange of information to allow counsel to reach a fair and reasonable resolution of this matter.  The Parties began settlement discussions shortly after the Complaint and exchanged information pursuant to Court-ordered

PD.24734594.1

discovery requests.  Ultimately, the Parties reached a resolution of the disputed wage claim, as well as an amount for liquidated damages and a general release, while Defendants are ceasing to incur further time or costs in defending this action, despite Defendants maintaining that they are not liable to Plaintiff for unpaid wages.  In agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them to make educated and informed analyses of the claims.  Courts approve settlements early in FLSA cases in these circumstances, recognizing that "early resolution of FLSA claims are encouraged, and extensive discovery typically is unnecessary."  *Helms,* 2006 WL 3858491, at *4.

Finally, this Court should also approve the attorneys' fees and costs provision of the Agreement because the Parties complied with this Court's ruling in *Bonetti v. Embarq. Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), when determining fees and costs.  In *Bonetti*, the court held that if the plaintiff's recovery and attorneys' fees were settled independently of the plaintiff's claims, which is precisely what was done here, there would be no need to file the attorneys' billing records unless the fees were out of line compared with the settlement agreement.  Thus, the provision of attorneys' fees and costs as part of the settlement do not require approval using the lodestar approach.  In this case, Plaintiff's attorneys' fees and costs were negotiated and settled independently of Plaintiff's FLSA claims.

## **CONCLUSION**

For the foregoing reasons, the Parties file this joint motion requesting that the Court approve the proposed settlement agreement and enter an Order dismissing this action with prejudice.

Date: November 13, 2018

Respectfully submitted,

| | |
|---|---|
| */s/ C. Ryan Morgan* | */s/ Dennis M. McClelland* |
| C. Ryan Morgan | Dennis M. McClelland |
|  Florida Bar No. 0015527 |  Florida Bar No.: 0091758 |
| Jolie N. Pavlos | Phelps Dunbar LLP |
|  Florida Bar No. 125571 | 100 South Ashley Drive, Suite 2000 |
| Morgan & Morgan, P.A. | Tampa, Florida 33602 |
| 20 N. Orange Avenue, Suite 1400 | Telephone: (813) 472-7550 |
| Orlando, Florida 32801 | Facsimile: (813) 472-7570 |
| Telephone: (407) 420-1414 | Email: dennis.mcclelland@phelps.com |
| Facsimile: (407) 245-2401 | |
| Email: rmorgan@forthepeople.com | ATTORNEYS FOR DEFENDANT |
| Email: jpavlos@forthepeople.com | |
| ATTORNEYS FOR PLAINTIFF | |

- 8 -

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notice of electronic filing to all counsel of record.

*/s/ Dennis M. McClelland*
Attorney
